Argued and submitted December 13, 2001, affirmed January 30, 2002

In the Matter of the Compensation of
Virgil Adamson, Jr., Claimant.
BCI COCA COLA BOTTLING CO.,
*Petitioner,*

*v.*

Virgil ADAMSON, Jr.,
*Respondent.*
00-002964; A112732

39 P3d 886

Jerald P. Keene argued the cause for petitioner. With him on the briefs was Reinisch, MacKenzie, Healey, Wilson & Clark, P.C.

Patrick Cougill argued the cause for respondent. With him on the brief was Welch, Bruun & Green.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

BREWER, J.

## BREWER, J.

Employer seeks review of an order of the Workers' Compensation Board holding that, although employer failed to pay claimant benefits for permanent partial disability (PPD) within the time prescribed by the Department of Consumer and Business Services' (DCBS) administrative rule, OAR 436-060-0150(7),[1] employer is not required to pay a penalty or attorney fees, because it had a legitimate doubt as to its liability and did not unreasonably resist payment of compensation. We affirm.

The facts are straightforward and not in dispute. On March 13, 2000, DCBS issued an order on reconsideration awarding claimant benefits for time loss and 21 percent PPD. Claimant requested a hearing and sought a penalty and attorney fees for employer's failure to pay the PPD award within the time prescribed by OAR 436-060-0150(7). On the date the Board received claimant's hearing request, employer paid the compensation due; thus, the only issue remaining before the administrative law judge (ALJ) was the penalty and attorney fees. The ALJ determined that employer had failed to pay compensation when due as required by the rule and assessed both a penalty and attorney fee. Employer appealed the ALJ's decision to the Board, which agreed with the ALJ's determination that employer had not timely paid compensation but reversed the assessment of the penalty and attorney fees.

In its petition for judicial review, employer asserts that, despite its ultimate success before the Board, the Board's conclusion that employer had violated the administrative rule was erroneous and poses significant problems for litigants in the workers' compensation field. Specifically,

---

[1] OAR 436-060-0150(7) provides, in part:

"Permanent disability and fatal benefits shall be paid no later than the 30th day after:

"* * * * *

"(c) The date of any department order which orders payment of compensation for [PPD]. A request for reconsideration of a determination order does not stay payment of [PPD] compensation ordered;

"(d) The date any litigation order authorizing [PPD] becomes final[.]"

employer asserts that the Board erred in (1) holding that DCBS's order on reconsideration awarding PPD was a "department order" that triggered the timely payment provisions of OAR 436-060-0150(7); (2) determining that the payment of benefits was not stayed pursuant to ORS 656.313(1) pending claimant's appeal of DCBS's order; and (3) failing to address whether the administrative rule is inconsistent with ORS 656.313(1), which stays payment of compensation on an employer's filing of a request for hearing on a reconsideration order. Employer contends that judicial review is necessary to correct the broad adverse effect of the Board's erroneous conclusions.[2] Claimant has not filed a cross-petition for review.

The only issue before the Board was employer's contention that the ALJ erred in assessing a penalty and attorney fees against employer. Assuming, without deciding, that the Board erred in holding that employer's payment of benefits for PPD was untimely, any error was harmless in light of the Board's ultimate determination reversing the ALJ's assessment of a penalty and attorney fees.

Affirmed.

---

[2] In particular, employer argues that

"[t]his case involves one of those situations where the Workers' Compensation Division of [DCBS] * * * interprets its own processing rules in one way, generating an accepted course of practice in the system that is suddenly thrown into doubt by a contrary interpretation by the Workers' Compensation Board. Now the matter requires judicial review so the industry can react by adjusting its payment procedures or seeking Department revisions to the rules."